UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MARLON LAVALAIS | CIVIL ACTION 09-0405 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| BOISE CASCADE, L.L.C. | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's motion to remand, **Doc. 4**, referred to me by the district judge for report and recommendation.

This is a discrimination suit in which plaintiff claims entitlement to damages for discrimination, harassment, and retaliation. Suit was filed in state court in Rapides Parish and timely removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000, because plaintiff claims entitlement to damages for back pay, benefits, front pay, emotional distress, medical expenses and attorney fees.

Plaintiff moves to remand asserting that defendants have

1

failed in their burden to prove jurisdiction in that damages are not facially apparent in the petition and that there is no evidence that damages exceed $75,000.

Analysis.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. <u>St. Paul Mercury Indemnity Co. v. Red Cab. Co.</u>, 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aguilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain

circumstances. La. Code Civ. P., Art. 893.  Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>De Aquilar</u> I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." <u>Allen</u>, 63 F.3d at 1335.  See <u>Luckett v. Delta Airlines, Inc.</u> 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought. <u>De Aquilar v. Boeing Co.</u>, 47 F.3d 1404 (5th Cir. 1995) (<u>De Aquilar</u> II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. <u>St. Paul Mercury</u>, supra.  While post removal affidavits may be considered

3

in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. <u>Gebbia v. Wal-Mart Stores, Inc</u>., 233 F.3d 880 (5th Cir. 2000); <u>Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A</u>., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); <u>St. Paul Mercury</u>, supra. See also, (<u>De Aguilar</u> II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. <u>Allen</u>, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. It is not facially apparent that the damages exceed the jurisdictional limit despite the fact that plaintiff claims entitlement to back pay, front pay, damages for emotional distress, pain and suffering, medical bills, benefits and attorney fees. Rather, the claims made in this case are similar to those made "with little specificity" in <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). Compare <u>Luckett</u> supra, and <u>Gebbia</u>, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000.

In the removal petition, defendant explained that plaintiff's back pay claim alone will exceed $50,000. He also pointed out that plaintiff seeks front pay for some period of time. Benefits lost would be an additional item of damages. In that regard, defendant attaches the affidavit of the Boise Human Resource Manager who states that, in addition to plaintiff's hourly wage of $16.22, plaintiff's benefits amounted to an additional $7.43 per hour. He also cited case authority that damages for emotional distress in a case like this will likely exceed $100,000. Finally, defendant, in the petition for removal correctly states that plaintiff's claims for attorney fees are properly considered as a part of the amount in dispute. See <u>Foret v. Southern Farm Bureau</u>, 918 F.2d 534 (5th Cir. 1991).

There is no question that the potential damages in this case, that is, the amount in dispute, exceeds $75,000.

For these reasons, IT IS RECOMMENDED that plaintiff's Motion to Remand be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond

to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 14th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE